ROZIER *v.* THE STATE.

No. 9493. JULY 14, 1933.

W. A. *Dampier*, for plaintiff in error.

M. J. *Yeomans*, attorney-general, *Fred Kea* and *J. A. Merritt*,

*solicitors-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

ATKINSON, J. On separate trial under a joint indictment charging Callie Rozier, Horace Hogan, and Verser Hogan with murder of Maliki Moss by stabbing him with a pocket-knife, Callie Rozier was convicted and recommended to mercy. A motion for a new trial having been overruled, the movant excepted.

■ The judge charged the jury: "In other words, if you believe that defendant killed the deceased in the manner charged in the indictment, by using a weapon that, in the manner in which it was used, was a weapon likely to produce death, but that at the time of the killing the deceased was committing or attempting to commit a serious personal injury on the defendant, less than a felony, or that the circumstances at the time of the killing were such as are reasonably calculated to produce the same state of mind as would an assault or attempt to commit a serious personal injury on the defendant, less than a felony, and to justify the excitement of passion, and exclude all idea of deliberation or malice, either express or implied, and that the defendant killed the deceased under such circumstances, then you would be authorized to find the defendant guilty of voluntary manslaughter." This part of the charge is not cause for a reversal because, as contended, the words "under other equivalent circumstances" having been omitted, the court "took from the consideration of the jury, in charging on voluntary manslaughter, that in addition to the circumstances enumerated by the court, that they could take into consideration other equivalent circumstances which might be sufficient under the law to justify the excitement of passion and exclude all idea of deliberation or malice, either express or implied."

■ The judge charged the jury: "Justifiable homicide, gentlemen of the jury, is the killing of a human being in self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either. A bare fear of any of these offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing acted under the influence of those fears and not in a spirit of revenge." This part of the charge, which was in

the language of the Penal Code, §§ 70, 71, was not erroneous because, as contended, the judge "should have instructed the jury further, that it would not be incumbent on the defendant to show that the killing was actually necessary, but would be sufficient at the time, if the accused believed and had good reason to believe that the killing was necessary; and that if they had a reasonable doubt as to whether . . the killing was actually necessary, it would be their duty to find the defendant not guilty." If the defendant desired additional instructions on the subject, there should have been an appropriate request.

■ The third special ground of the motion for a new trial is as follows : "Movant contends further that the court erred in failing to charge, in connection with the law of reasonable fears, that is where a person acted under the fears of a reasonable person or man, that provocation by words, threats, menaces, or contemptuous gestures may be a complete justification, if sufficient to excite the fears of a reasonable man that his or her life was in danger, or a felony about to be committed on her. In other words, the jury should have been instructed that under certain circumstances words, threats, and contemptuous gestures might be sufficient either to justify the killing, or reduce the homicide to voluntary manslaughter." This ground is not entirely clear, and does not accurately state a correct principle of law applicable to the case. The failure to charge as complained therein was not erroneous.

■ The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

■ "There shall be a solicitor-general for each judicial circuit, whose official term, except when commissioned to fill an unexpired term, shall be four years." Civil Code (1910), §§ 4921, 6530. Included among others, it is his duty "to attend before the Supreme Court when any criminal cause is tried emanating from their respective circuits, argue the same, and perform any other duty therein the interest of the State may require." § 4926 (6). "The salary per annum of each solicitor-general is two hundred and fifty dollars. . . For services in the Supreme Court . . In capital cases, $50.00." Penal Code (1910), § 1126. Such fees "shall be paid by the State, on the warrant of the Governor, in all cases when the solicitor shall present the certificate of the clerk of the Supreme Court as to services, and of the clerk of the superior court to the

fact that the defendant was acquitted, or was unable to pay the costs." Penal Code (1910), § 1128. *Held:*

(*a*)    The fee of $50 to be paid by the State for services rendered in the Supreme Court, mentioned above, appertains to the office of solicitor-general, and may not be collected by a private person voluntarily appearing before the Supreme Court.

(*b*)    Accordingly, if the term of a solicitor-general expires prior to his filing a brief or appearing before the Supreme Court for oral argument in a case brought to the Supreme Court by bill of exceptions obtained by a defendant whom he has prosecuted in the trial court, assigning error on a judgment refusing a new trial, such ex-solicitor-general is not entitled to the prescribed fee or a certificate of service by the clerk of the Supreme Court, although he forwarded briefs to the Supreme Court after his term expired and within the time prescribed by the rules of the Supreme Court for filing briefs.

(*c*)    The prescribed fee being predicated on "services in the Supreme Court," if the succeeding solicitor-general fails to file a brief in accordance with the rules of the Supreme Court or to appear on call of the case for oral argument, such succeeding solicitor-general is not entitled to the fee or a certificate of service by the clerk, although he may have presented to the clerk for filing a brief after the case has been heard in its order.

*Judgment affirmed. All the Justices concur, except Hill, J., absent for providential cause.*